**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENDELL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-659-GKF-JFJ |
| | ) |
| JOHN A. MUEGGENBORG; | ) |
| BLACK CAT OIL COMPANY, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the court is the joint motion for summary judgment of John A. Mueggenborg ("Mueggenborg") and Black Cat Oil Company ("Black Cat") (collectively, "Defendants"). [Doc. No. 19]. For the reasons set forth below, the court grants Defendants' motion for summary judgment as to plaintiff's claims: under the FLSA for conduct before October 27, 2014; under Title VII; under the OADA as to Mueggenborg; for assault and battery; and for intentional infliction of emotional distress. The court denies summary judgment on the remaining claims: under the FLSA for conduct on or after October 27, 2014; and for sexual harassment, hostile work environment, and wrongful discharge under the OADA as to Black Cat.

    **I.    Factual Background**

Mueggenborg is the sole owner and CEO of Black Cat, an oil and gas rig leasing company in Northeastern Oklahoma. On the side, Mueggenborg also makes money by buying and selling automobiles and real estate. The plaintiff in this case, Kendell Johnson ("Johnson"), worked for Mueggenborg and Black Cat from July 2014 to October 2014, and from January 2015 to May 2015. Johnson contends she worked full-time for Mueggenborg as his personal

assistant, while Mueggenborg argues that she was simply a part-time contractor who did light secretarial work.

Johnson filed the complaint in this case on Oct. 27, 2016, suing Defendants: for intentional infliction of emotional distress; for unpaid compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and for sexual harassment, hostile work environment, and wrongful discharge under Title VII of the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* and the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101, *et seq.*  On August 1, 2017, Defendants jointly moved for summary judgment claiming they were not Johnson's employers under the FLSA, Title VII, or the OADA, raising several statute of limitations issues, and arguing Johnson failed to establish the elements of her claim of intentional infliction of emotional distress.  [Doc. No. 19].

## II.     Standard of Review

Summary judgment should be granted if "there is no issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is "genuine" if the evidence permits a rational trier of fact to resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 644, 670 (10th Cir. 1998).  A fact is "material" if it is essential to the outcome of the case. *Id.*

## III.    Analysis

Defendants make six arguments in support of their motion for summary judgment.

*First*, Defendants argue that they are not "employers" under the FLSA.  [Doc. No. 19, pp. 16–18].  Courts determine employment in this context informally, asking whether the economic realities show that the "individual is economically dependent on the business to which he renders service." *Johnson v. Unified Government of Wyandotte County/Kansas City, Kansas*, 371 F.3d

723, 729 (10th Cir. 2004). To this end, courts look at several non-exhaustive and non-dispositive factors, including: (1) the degree of control over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the relationship; (5) the degree of skill required; and (6) the necessity of the work to the business. *Id.*

Applying these factors to the present case, the court concludes a genuine issue of material fact exists as to whether Defendants qualify as Johnson's employers under the FLSA. Johnson alleges she worked full-time as Mueggenborg's personal assistant at a rate of $15.00 per hour. According to Johnson, her duties included bookkeeping, paying the bills, accessing Mueggenborg's debit and checking accounts, tracking rent payments and other financing arrangements, and buying and selling cars. [Doc. No. 22, pp. 10–11, ¶¶ 3–4, 6–10]. For their part, Defendants largely admit these allegations, disputing only whether Johnson worked full-time or part-time. [Doc. No. 19-1, pp. 1–2, ¶¶ 6–7, 9, 12–13]. Viewed in a light most favorable to Johnson, these facts establish: a level of control and supervision over Johnson's work; a predominate lack of opportunity for Johnson to profit or loss; a complete lack of investment by Johnson in the business; a consistent working relationship; a relative lack of skill or training required by Johnson's duties; and a necessity for Johnson to work. Therefore, "[b]ecause a trier of fact could make findings as to . . . the economic realities test which would support the legal conclusion that [Ms. Johnson] acted as an employee, rather than an independent contractor, [defendants] [are] not entitled to summary judgment as a matter of law." *See Lewis v. ASAP Land Express, Inc.*, 554 F. Supp. 2d 1217, 1226 (D. Kan. 2008).

*Second*, Defendants contend the statute of limitations has run on Johnson's overtime claim under the FLSA for conduct before October 27, 2014. [Doc. No. 19, p. 18]. The FLSA generally provides a two-year statute of limitations for filing an action, although the window

3

extends to three years for willful violations. *Gilligan v. City of Emporia, Kan.*, 986 F.2d 410, 413 (10th Cir. 1993). Here, Johnson filed this action on October 27, 2016 and does not argue that Defendants acted willfully. Therefore, the court concludes that Johnson's overtime claim under the FLSA is time-barred for conduct before October 27, 2014. *See id.* (affirming summary judgment on statute of limitations grounds where claimant "did not present any evidence whatsoever to the district court of the [defendant's] willfulness").

*Third*, Defendants maintain they are not "employers" under Title VII. [Doc. No. 19, pp. 11–15]. Title VII's prohibition on sex discrimination only applies to "employers," defined as "person[s] . . . who [have] fifteen or more employees." 42 U.S.C. § 2000(e)(b). Johnson alleges that Defendants employed more than fifteen people, and that she assisted in the preparation of their 1099s. [Doc. Nos. 2, p. 2, ¶8; 22, p. 14, ¶12]. However, it does not appear that Johnson requested these records during discovery, [Doc. No. 22-1], and she offers no evidence that these persons were employees instead of independent contractors. The use of 1099's "strongly indicat[es] independent contractor status," *Gonzales v. McDow*, No. 1:07-cv-54 MCA/WDS, 2008 WL 11320098, at *5 (D.N.M. Mar. 30, 2008), and Mueggenborg's sworn testimony confirms this, [Doc. No. 19-1, p. 1, ¶¶ 4–5 (stating that Black Cat "does not have any employees), 8 (stating that Mueggenborg "do[es] not have any employees")]; *see Castille v. Compliance Solutions*, 29 F. App'x 559, 561 (10th Cir. 2002) ("Attached to its motion for summary judgment, [defendant] submitted an affidavit from its corporate president . . . [Plaintiff] did not rebut [his] claim[s] in any fashion, a failure . . . that demanded entry of summary judgment."). Even if viewed in a light most favorable to Johnson, these facts are insufficient to raise a genuine issue that Defendants employed more than fifteen people. As a result, the court concludes as a matter of law that Defendants are not "employers" under Title VII.

*Fourth*, Defendants claim they are not "employers" under the OADA. [Doc. No. 19, pp. 19–22]. As a threshold matter, the court agrees that Mueggenborg could not personally be Johnson's employer, because the OADA's definition excludes natural persons. 25 O.S. § 1301(1); *Tighman v. Kirby*, 662 F. App'x 598, 600–01 (10th Cir. 2016) (emphasizing that the OADA defines "employer as the *entity* that pays an individual's salary or wages") (emphasis added); *Cunningham v. Skilled Trade Servs., Inc.*, No. CIV-15-803-D, 2015 WL 6442826, at *3 (W.D. Okla. Oct. 23, 2015) (stating that "clear pronouncements of federal and state law" establish that "discrimination claims against [an individual defendant] are redundant" where "they are already pled against her employer."). However, Black Cat is not similarly excused, and Johnson's claims against it are "evaluated using the same standard[] as claims under Title VII." *Cunningham*, 2015 WL 6442826, at *3. Thus, the relevant question is whether Black Cat has the "right to control the means and manner of [Johnson's] performance." *Lambertsen v. Utah Dept. of Corrections*, 79 F.3d 1024, 1028 (10th Cir. 1996) (internal quotation marks omitted). As a secondary matter, courts may also consider the following eleven factors:

> (1) the kind of occupation at issue, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the employer or the employee furnishes the equipment used and the place of work; (4) the length of time the individual has worked; (5) the method of payment, whether by time or by job; (6) the manner in which the work relationship is terminated; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the employer; (9) whether the worker accumulates retirement benefits; (10) whether the employer pays social security taxes; and (11) the intention of the parties.

*Id.*

Under this standard, the court concludes that genuine issues of material fact exist as to whether Black Cat qualifies as Johnson's employer. Defendants argue that Johnson's inconsistent hours, autonomy, lack of employee benefits, and request for a 1099 collectively

5

rendered her outside of Black Cat's control. [Doc. Nos. 19-3; 23, pp. 8–9]. However, Defendants largely admit that Johnson worked as Mueggenborg's personal assistant, kept the books, had access to his bank accounts, paid bills on his behalf, and tracked rent payments and other financing arrangements—all for an hourly wage. [Doc. No. 19-1, pp. 1–2, ¶¶ 6–7, 9, 12]. Although the amount of direct supervision is unclear, the factors generally point toward employment in this situation. Johnson's job was relatively low-skill, and is not the type of job which is typically contracted out. Further, she was not hired to complete a particular project, but rather seems to have been a long-term, essential employee who received an hourly wage. Granted, certain factors do lean in favor of concluding that she was an independent contractor: she did not receive annual leave or accumulate retirement benefits; Mueggenborg did not pay social security taxes on her behalf; and she did not always work at Defendants' office. [Doc. No. 23, p. 9]. However, taken as a whole, the evidence presented by Johnson raises a genuine issue as to whether Muggenborg exercised the requisite level of control. *Jackson v. Exxon Mobil Chemical Corp.*, No. Civ.02-1505-HE, 2004 WL 3168283, at *5 (W.D. Okla. Jan. 16, 2004) (denying summary judgment to defendants, despite "[s]everal factors weigh[ing] in favor of [independent contractor status]"). Thus, the court holds that Johnson's claim against Black Cat under the OADA survives summary judgment.

*Fifth*, Defendants argue that Johnson's assault and battery claim is time-barred. [Doc. No. 19, pp. 18–19]. Oklahoma provides a one-year statute of limitations on actions for assault and battery. 12 O.S. § 95(A)(1). Because Johnson stopped working for Defendants in May 2015, her claims expired in May 2016, five months before she filed this case. Therefore, the court agrees with Defendants that Johnson's assault and battery claim is indeed time-barred.

*Sixth*, Defendants argue that Johnson failed to establish that she suffered severe emotional distress. [Doc. No. 19, p. 22]. To succeed in her claim for intentional infliction of emotional distress, Johnson must show among other things that she experienced severe emotional distress. *Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 735. (Okla. 2002). This requires proof that Johnson's "emotional distress was so severe that no reasonable person could be expected to endure it." *Estate of Trentadue ex rel. Aguilar v. U.S.*, 397 F.3d 840, 856 (10th Cir. 2005) (internal quotations omitted). "The intensity and the duration of the distress are factors to be considered in determining its severity." *Id.* (quoting *Breeden v. League Services Corp.*, 575 P.2d 1347, 1378 n.6 (Okla. 1978)).

Johnson's only argument with respect to the severity of her emotional distress is the assertion that she experienced: "severe embarrassment; humiliation; loss of self-esteem; damage to [her] personal reputation; insomnia; depression; difficulty emotionally relating to friends; and most importantly in relating to [her] children and family." Defendants argue in response that Johnson acted inconsistently with this description: she returned to work in January 2015, [Doc. No. 23, p. 10], and engaged in sexual banter with Mueggenborg on January 9, 2015, [Doc. No. 22-4]. Three months after she "felt forced to cease her employment" due to "severe and pervasive [sexual harassment]", Johnson chose to return to the exact same work environment. [Doc. No. 2, p. 3, ¶ 10–11]. Around this same time, Johnson responded to a text message from Mueggenborg stating he was free of STDs with the following: "Lol . . . u bet u are super happy!!! Now boss man that does not mean u can have 6 4 somes today . . lol." [Doc. No. 22-4]. When Mueggenborg suggested that it was time for sexual acts at the office, Johnson responded, "Call me." *Id.* This is inconsistent with "emotional distress . . . so severe that no reasonable person could be expected to endure it." *Estate of Trentadue*, 397 F.3d at 856.

7

Importantly, the court is not blaming Johnson for doing her best to navigate the inappropriate actions of her boss. However, the question is whether Johnson provided sufficient evidence to survive summary judgment—and to do this she must provide actual, non-conclusory evidence of severe emotional distress. *Flowers v. Mullet*, No. CIV-16-30-C 2016 WL 3960910, at *2 (W.D. Okla. Jun 27, 2016) (noting that a non-movant's "conclusory and self-serving affidavit[] [is] not sufficient" to survive summary judgment); *Malcolm v. Wells Fargo Bank, N.A.*, No.CIV-13-0754-HE, 2014 WL 5780712, at *5 (W.D. Okla. Nov. 5, 2014) (granting summary judgment where "[t]he court ha[d] nothing to review other than the unsupported statements in plaintiff's briefs—no deposition testimony or affidavits or physician's statement"). A self-serving affidavit and a single text exchange also implicating Johnson are simply not enough. The court, therefore, grants Defendants' motion for summary judgment as to Johnson's claim of intentional infliction of emotional distress.

## IV.  Conclusion

For the reasons stated above, the court grants Defendants' motion for summary judgment as to Plaintiff's claims: under the FLSA for conduct before October 27, 2014; under Title VII; under the OADA as to Mueggenborg; for assault and battery; and for intentional infliction of emotional distress. The court denies summary judgment on the remaining claims: under the FLSA for conduct on or after October 27, 2014; and for sexual harassment, hostile work environment, and wrongful discharge under the OADA as to Black Cat.

WHEREFORE Defendants' motion for summary judgment [Doc. No. 19] is granted in part and denied in part.

IT IS SO ORDERED this 19th day of September, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT